FILED
CLERK
12/5/2016 10:00 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
PROMPT NURSING EMPLOYMENT AGENCY
LLC,

                  Plaintiff,

       -against-

JERICSON B. VALDEZ,

                  Defendant.
----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
16–cv–2053 (ADS) (AYS)

**APPEARANCES:**

**Law Office of Seth Eisenberger**
*Co-Counsel for the Plaintiff*
969 East 27th Street
Brooklyn, NY 11210
      By:    Seth Eisenberger, Esq., Of Counsel

**Newman Law, P.C.**
*Co-Counsel for the Plaintiff*
292 Madison Avenue
377 Pearsall Avenue, Suite C
Cedarhurst, NY 11516
      By:    Evan M. Newman, Esq.,
                  Aviva Francis, Esq., Of Counsel

**Law Offices of John Howley**
*Attorney for the Defendant*
350 Fifth Avenue, 59th Floor
New York, NY 10118
      By:    John J.P. Howley, Esq., Of Counsel

**SPATT, District Judge**:

      This action arises out of allegations by the Plaintiff Prompt Nursing Employment Agency LLC (the "Plaintiff") that the Defendant Jericson B. Valdez (the "Defendant") breached a contract between them, and tortiously interfered with the Plaintiff's business opportunities and its contracts with other nurses. The Defendant now moves for a change of venue to the Brooklyn courthouse

1

pursuant to 28 U.S.C. § 1404 ("Section 1404"), and to amend her answer pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule(s)") 15. For the following reasons, the Defendant's motion for a change of venue is denied, and her motion to amend is granted.

## I. BACKGROUND

### A. Relevant Procedural and Factual Background

The Plaintiff initiated this action in the Supreme Court of the State of New York, Nassau County, on March 22, 2016. The Plaintiff alleged three causes of action sounding in breach of contract, tortious interference with business opportunities, and tortious interference with the Plaintiff's contracts with other employees. Specifically, the Plaintiff alleges that the Defendant breached the term employment contract at issue by terminating her employment without notice and by refusing to provide services to the Plaintiff. The Plaintiff alleges that the Defendant tortiously interfered with its contracts with other employees and its business opportunities by encouraging other nurses to breach their agreements with the Plaintiff and to refuse to provide services to the Plaintiff. The Plaintiff's complaint does not provide the details of its employment contract with the Defendant, merely that it was a three-year term employment contract.

On April 26, 2016 the Defendant removed the case to the United States District Court for the Eastern District of New York based on diversity jurisdiction, and it was assigned to this Court in the Central Islip Courthouse.

The Defendant filed an answer on May 2, 2016 and amended her answer as a matter of right on May 23, 2016.

On July 29, 2016, the Defendant filed a letter motion to transfer venue to Brooklyn. The Court denied it without prejudice, directing the Defendant to refile it as a formal motion.

On August 1, 2016, the Defendant filed a motion to amend her answer once again, and on August 9, 2016, renewed her motion for a change of venue as a formal motion. The Defendant's proposed second amended answer seeks to add a counterclaim for breach of contract; eliminate her affirmative defenses of insufficient service of process and lack of personal jurisdiction; and modify her answer regarding the Plaintiff's principal place of business.

## II. DISCUSSION

### A. As to the Defendant's Motion to Transfer Venue to Brooklyn

The Defendant argues that the case should be transferred to the Brooklyn courthouse because the Plaintiff's claims arise out of the Defendant's employment at a nursing home in Brooklyn; the Plaintiff's article of organization show that its principal office is in Kings County; and the convenience of the parties and the interests of justice dictate that the case be transferred. The Plaintiff argues that it chose the venue; that the factors favor keeping the case in Long Island; and that if the case were to be transferred to Brooklyn, any burden imposed on the parties by traveling would shift to the Plaintiff. The Court finds that the factors do not favor a transfer, and therefore declines to exercise its discretion to transfer venue to Brooklyn.

The Defendant moves to transfer this matter to the Brooklyn Courthouse pursuant to the venue transfer statute, Section 1404. Where, as here, the forum chosen is proper, Section 1404 allows for transfer to any "district or division" where the action might have been brought. Such transfer is allowed "for the convenience of the witnesses or parties and in the interests of justice". 28 U.S.C. § 1404(a). The burden on such a motion is on the party seeking transfer. *Longo v. Wal–Mart Stores, Inc.,* 79 F. Supp. 2d 169, 170–71 (E.D.N.Y. 1999). The Defendant does not seek to transfer the case to another district court, but to the Brooklyn courthouse of the Eastern District of New York. While both the Brooklyn and Central Islip courthouses can properly exercise

3

jurisdiction over any matter properly pending within the Eastern District, the Judges of the Court have adopted rules for the internal management of the Court's case load. Those rules, known as the "Guidelines for the Division of Business" (the "Guidelines"), allow for the designation of certain cases as "Long Island Cases." Guidelines Rule 50.1(d). According to the Guidelines, a civil case is properly designated as a Long Island Case if "the case has been removed to this Court from a New York State court located in Nassau or Suffolk County, or . . . the cause arose wholly or in substantial part in Nassau or Suffolk County." Guidelines Rule 50.1(d)(2). The Guidelines allow a party to move to designate a case as a Long Island Case, or to cancel such designation, on the grounds that "such action will serve the convenience of the parties and witnesses or is otherwise in the interests of justice." Guidelines Rule 50.1(d)(3). Although the Defendant moved under the venue transfer statute, the Court views the Guidelines as instructive.

When considering whether the discretion to transfer should be exercised, the court considers first whether venue is proper in the proposed transferee district. *Longo*, 79 F. Supp. 2d at 171; *Laumann Mfg. Corp. v. Castings U.S.A., Inc.,* 913 F. Supp. 712, 720 (E.D.N.Y. 1996); *see* 28 U.S.C. § 1404(a) (allowing for transfer to any district where the action "might have been brought"). If the proposed venue is proper, as it is here, the court then considers whether transfer will serve the convenience of witnesses and parties and is in the interest of justice.

To make this latter determination, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9)

the interests of justice. *See, e.g., Blass v. Capital Int'l. Security Grp.,* No. 99–cv–5738, 2001 WL 301137, at *4 (E.D.N.Y. March 23, 2001); *Longo,* 79 F. Supp. 2d at 171.

While the Court is mindful that Section 1404(a) protects litigants from needless inconvenience and costs, *Castaneira v. Gannon,* No. 99–cv–4236, 1999 WL 1487630, at *3 (E.D.N.Y. Dec. 16, 1999), a plaintiff's choice of forum must be given deference and transfer should be ordered only if the balance of conveniences weighs strongly in favor of the change of forum. *See Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 29 (E.D.N.Y. 2014) (Spatt, J.) ("The plaintiff's choice of forum is generally entitled to deference, unless the forum chosen is not the plaintiff's home forum.") (quoting *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 551 (S.D.N.Y. 2008)); *Innovations Enter. Ltd. v. Haas–Jordan Co.,* No. 99–cv–1681, 2000 WL 263745, at *2 (E.D.N.Y. Jan. 4, 2000); *R. Siskind & Co., Inc. v. Ashworth, Inc.*, No. 95–cv–7707 1996 WL 167722, at *4 (S.D.N.Y. Apr. 10, 1996). Where transfer would merely shift the inconvenience from one party to the other, a plaintiff's choice of forum is not to be disturbed. *Innovations Enter.,* 2000 WL 263745 at *2.

The Court notes that the Guidelines provide that motions such as the one presently before the Court are to be made within the time to answer the complaint. That time has passed. However, even if the Court were to consider this motion as timely, it would be denied nonetheless. *See*, *e.g.*, *United States v. All Funds on Deposit in Bus. Mkt. Account No. 028-0942059-66*, 319 F. Supp. 2d 290, 293–94 (E.D.N.Y. 2004); *Cool Wind Ventilation Corp. v. Sheet Metal Workers Int'l Ass'n., Local Union No. 28*, 216 F. Supp. 2d 81, 85 (E.D.N.Y. 2002)

The Court does not find that transfer would serve the convenience of witnesses or that it would be in the interest of justice. The Defendant does not reside in New York State. Although the Defendant has supplied the Court with the Plaintiff's Articles of Organization, which states

5

that the Plaintiff's principal office is in Kings County, the Plaintiff has represented that its principal place of business is in Nassau County. The Court will accept the Plaintiff's representation, and notes that the Supreme Court has held that a corporation's principal place of business is its nerve center. *Hertz Corp. v. Friend*, 559 U.S. 77, 97, 130 S. Ct. 1181, 1195, 175 L. Ed. 2d 1029 (2010). Therefore, the fact that the Plaintiff organized in Kings County and stated that its principal office was in that county does not foreclose the possibility that its principal place of business is in Nassau County. Of the nine witnesses named by the parties, only one lives in Kings County. Two live outside of New York State, and it is unclear where the remaining witnesses reside. Although the Plaintiff's lead attorney has an office in Brooklyn, co–counsel for the Plaintiff is based in Nassau County. The Plaintiff brought this action in Nassau County and represents to the Court that the Central Islip courthouse is more convenient for it. Furthermore, the cause of action is based upon a contract which the Plaintiff alleges was formed in Nassau County.

The Court finds that the interests of justice do not favor a transfer, and that there is sufficient connection to designate this as a Long Island case. *See All Funds on Deposit*, 319 F. Supp. 2d at 293–94 ("A review of the papers submitted in support of and in response to the motion reveals that there is sufficient connection to designate this case as Long Island Case. Even if many of the actions giving rise to the [] case arose in Brooklyn, the Long Island connection is acceptable."); *Cool Wind Ventilation*, 216 F. Supp. 2d at 85 ("A review of the papers submitted in support of and in response to the motion reveals that there is sufficient connection to designate this case as Long Island Case. Even if many of the actions giving rise to Plaintiff's cause of action arose in Eastern District counties outside of Nassau and Suffolk, the Long Island connection is acceptable.")

Accordingly, the Defendant's motion to transfer venue pursuant to Section 1404 is denied.

**B. As to the Defendant's Motion to Amend Her Answer**

    **1. The Legal Standard**

Rule 13 states that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." However, as the Committee Notes on the 2009 amendment states, "[a]n amendment to add a counterclaim will be governed by Rule 15."

Fed. R. Civ. P. 15(a)(2) applies to motions to amend the pleadings once the time for amending a pleading as a matter of right has expired. It states, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts have construed the rule liberally and have said that "the purpose of Rule 15 is to allow a party to correct an error that might otherwise prevent the court from hearing the merits of the claim." *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12–cv–4849, 2013 WL 6795963, at *2 (E.D.N.Y. Dec. 23, 2013) (quoting *Chapman v. YMCA of Greater Buffalo*, 161 F.R.D. 21, 24 (W.D.N.Y. 1995)); *see also Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (finding a "strong preference for resolving disputes on the merits").

A court should deny leave to amend "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the nonmoving party." *Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 126 (2d Cir. 2008) (per curiam).

"The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial." *Fariello v. Campbell*, 860 F. Supp. 54, 70 (E.D.N.Y. 1994); *see also European Cmty. v. RJR Nabisco, Inc.*, 150 F. Supp. 2d 456, 502–03 (E.D.N.Y. 2001); *Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 123 (E.D.N.Y. 1996). The opposing party likewise bears the burden of establishing that an amendment would be futile. *See Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137–38 (E.D.N.Y. 1998) (citing *Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1998)).

The Plaintiff does not oppose the Defendant's elimination of her affirmative defenses or the modification of her answer regarding her knowledge of the Plaintiff's principal place of business. Those portions of the Defendant's motion to amend are granted as unopposed and in the interest of justice. The Court therefore considers the only remaining portion of the Defendant's motion to amend—her motion to add a counterclaim for breach of contract.

**2. As to the Defendant's Delay in Adding a Counterclaim, Her Alleged Bad Faith, and the Prejudice that Allegedly Results from the Delay**

The Plaintiff argues that the Defendant's delay in adding her counterclaim was in bad faith because the Defendant always had the contract, that it is prejudiced by the delay because the parties have already engaged in some discovery, and that the Defendant failed to petition the Court for a pre-conference in accordance with its rules. On the contrary, the Court finds that the Defendant has not engaged in bad faith, that the prejudice to the Plaintiff is insufficient to deny the Defendant's motion, and that the Defendant did not move for a pre-motion conference before filing her motion to amend.

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d

843, 856 (2d Cir. 1981); *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000) (affirming grant of motion to amend after seven-year delay, where defendant did not show prejudice). "The concepts of delay and undue prejudice are interrelated—the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983).

The mere fact that the Defendant neglected to include a counterclaim in her initial or first amended answer does not translate to a finding of bad faith. And while the Plaintiff may be prejudiced by additional discovery demands, discovery is part of litigation, and the parties have not completed discovery. There is no undue prejudice here. *See*, *e.g.*, *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (finding insufficient prejudice where the defendant had not filed for summary judgment, a trial date had not been set, and the amendment would not involve a great deal of additional discovery); *Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir. 2008) ("Undue prejudice arises when an amendment comes on the eve of trial and would result in new problems of proof."). Although the Defendant failed to include her proposed counterclaim in either her initial answer or her first amended answer, the Court finds that she did not engage in bad faith and that the delay is not unduly prejudicial to the Plaintiff.

The Plaintiff also argues that the Defendant failed to comply with Magistrate Judge Shield's Individual Rules. However, Magistrate Judge Shields' Individual Rules are inapplicable here because this Court rules on motions to amend. This Court only requires pre-motion conferences for motions for summary judgment. *See* Individual Rules of Judge Arthur D. Spatt, Rule IV(B)(iv). Therefore, the Defendant did not have to ask the Court to hold a pre-motion conference before filing her motion to amend.

### 3. As to the Futility of the Defendant's Proposed Counterclaim

The Defendant argues that her proposed counterclaim would not be futile because the Plaintiff did not fulfill the obligations of their contract. In opposition, the Plaintiff contends that the Defendant's proposed counterclaim is futile because of the terms of the parties' contract. In this regard, the Court declines to consider the alleged contract provided by the Plaintiff and finds that the proposed counterclaim would not be futile.

Proposed amendments are futile when they "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)).

Under the *Bell Atlantic v. Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

The elements of a breach of contract claim in New York are: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach. *RCN Telecom Servs., Inc. v. 202 Ctr. St. Realty LLC.*, 156 F. App'x 349, 350–51 (2d Cir. 2005*)*; *Marks v. New York Univ.,* 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999).

Here, the Defendant has alleged that there was a contract between the parties; that the Defendant performed the services required of her by the contract; that the Plaintiff did not; and that there were damages attributable to the Plaintiff's breach. Accepting the Defendant's allegations as true, the Court finds that she has plead sufficient facts to plausibly suggest that the Plaintiff breached a contract between them.

The Court notes that the Plaintiff refers to a purported contract with the Defendant throughout its memorandum. The Plaintiff's complaint did not contain the purported contract. The Defendant's initial answer did not incorporate the contract, nor did her amended answer. The Plaintiff attached the purported contract to its memorandum of law in opposition to the Plaintiff's motion to amend her answer. The Court declines to consider the contract in deciding the Plaintiff's motion to amend. First, the contract states it is between the Defendant and Garden Care Center, so whether or not it was binding between the Plaintiff and the Defendant would raise questions of fact. Second, in deciding a motion to amend, the Court accepts the factual allegations in the amended counterclaim as true and does not consider any exhibits outside of those included or incorporated by reference in the complaint or the counterclaim. *See Associated Mortg. Bankers, Inc. v. Calcon Mut. Mortg. LLC*, 159 F. Supp. 3d 324, 331 (E.D.N.Y. 2016) (Spatt, J.) ("A court must accept all allegations in the proposed amended complaint as true and draw all reasonable inferences in the plaintiff's favor.") (quoting *Pension Comm. of Univ. of Montreal Pension Plan v.*

*Banc of America Sec. LLC*, 568 F.3d 374, 381 (2d Cir. 2009)); *Nw. Mut. Life Ins. Co. v. Wender*, 940 F. Supp. 62, 64 (S.D.N.Y. 1996) ("On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the pleader.") (quoting *Bolt Elec., Inc. v. City of N.Y.,* 53 F.3d 465, 469 (2d Cir. 1995) (alterations omitted)); *Reeves v. American Broad. Co.,* 580 F. Supp. 84, 89 (1983) ("[T]he allegations of the counterclaims must be accepted as true.") (quoting *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 174–75, 86 S. Ct. 347, 348–49, 15 L. Ed. 2d 247 (1965)); *Henneberry v. Sumitomo Corp. of America*, 415 F. Supp. 2d 423, 433 (S.D.N.Y. 2006) ("In considering a motion for leave to amend, the court must accept as true all of the proposed complaint's factual allegations, and draw all reasonable inferences in favor of plaintiff."); *see also Nettis v. Levitt*, 241 F.3d 186, 194 n. 4 (2d Cir. 2001) (stating that motions to amend are adjudicated without resort to outside evidence); *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 257 (S.D.N.Y. 2012) (declining to consider affidavits and other outside evidence submitted by proposed defendants in opposition to the plaintiff's motion to amend); *Dipace v. Goord*, 308 F. Supp. 2d 274, 278 (S.D.N.Y. 2004) ("Normally, a motion for leave to amend is adjudicated without resort to any outside evidence"); *Durabla Mfg. Co. v. Goodyear Tire and Rubber Co.*, 992 F. Supp. 657, 661 n. 4 (S.D.N.Y. 1998) ("The Court declines to consider the deposition testimony submitted by defendants in opposition to plaintiff's motion for leave to amend the Complaint.").

Therefore, the Defendant's proposed counterclaim would not be futile and the Defendant's motion to amend her complaint to add the counterclaim is granted.

## III.  CONCLUSION

Accordingly, the Defendant's motion for a change of venue is denied, and her motion to amend her answer is granted.  This case is respectfully referred to Magistrate Judge Anne Y. Shields for the remainder of discovery.


It is **SO ORDERED:**


Dated: Central Islip, New York

December 2, 2016 					_____*/s/ Arthur D. Spatt*_____

ARTHUR D. SPATT

United States District Judge